JEANNETTE S. SIMKO ET AL. *v.* ZONING BOARD OF
APPEALS OF THE TOWN OF FAIRFIELD ET AL.
(13193)

PETERS, C. J., HEALEY, SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued January 5—decision released March 1, 1988

*Vincent M. Simko,* with whom was *Bruce L. Elstein,* for the appellants (plaintiffs).

*James F. Stapleton,* with whom were *Roy H. Ervin, Jr.,* and, on the brief, *Donal C. Collimore,* for the appellees (defendants).

CALLAHAN, J. The present action comes before this court sitting en banc on a grant of the plaintiffs' motion for reconsideration filed pursuant to Practice Book § 4122. Initially, the plaintiffs appealed to the Appellate Court, pursuant to the grant of a petition for certification,[1] wherein they sought review of a judgment dismissing their administrative appeal from a decision of the zoning board of appeals of the town of Fairfield (board). The appeal was then transferred to this court, pursuant to Practice Book § 4023, and argued on October 6, 1987. Our decision in *Simko* v. *Zoning Board of Appeals,* 205 Conn. 413, 533 A.2d 879 (1987) (*Simko I*), was released on December 1, 1987.

---

[1] General Statutes § 8-8 (g) provides: "There shall be no right to further review except to the appellate court by certification for review, upon the vote of two judges of the appellate court so to certify and under such other rules as the judges of the appellate court establish. The procedure on such appeal to the appellate court shall, except as otherwise provided herein, be in accordance with the procedures provided by rule or law for the appeal of judgments rendered by the superior court unless modified by rule of the judges of the appellate court."

In *Simko I* we held that, under General Statutes § 8-8 (b), as amended by Public Acts 1985, No. 85-284, § 3,[2] the clerk of the municipality, in addition to the chairman or clerk of the zoning board, is a statutorily mandated, necessary party who must be properly served in a zoning appeal brought pursuant to § 8-8. *Simko I*, supra, 418–19. We went on to hold that the failure to name the clerk of the municipality in the citation was a jurisdictional defect that rendered the administrative appeal subject to dismissal because a proper citation is essential to the validity of the appeal. Id., 420–21.

At reargument, the plaintiffs have requested that this court reconsider the following issues: (1) whether the 1985 amendment to § 8-8 (b) mandates that the clerk of the municipality be named as a necessary party; and (2) whether the plaintiff was required to direct service upon the clerk of the municipality. The plaintiffs argue that, if the clerk of the municipality is held to be a necessary party to a zoning appeal, all of the pending zoning appeals that they have reviewed will be subject to immediate dismissal. The plaintiffs urge this court to interpret § 8-8 (b) to mean that the clerk of the municipality is merely an agent for service for the board and not required to be named in the citation. In support of this proposition they argue that no conceivable purpose is served by making the clerk of the municipality a party to the appeal. We disagree.

[2] General Statutes § 8-8 (b), as amended by Public Acts 1985, No. 85-284, § 3, provides: "Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board, and by serving a true and attested copy upon the clerk of the municipality. The appeal shall state the reasons upon which it has been predicated and shall not stay proceedings upon the decision appealed from, but the court to which such appeal is returnable may, on application, on notice to the board and on cause shown, grant a restraining order."

We begin by noting that the relevant facts remain undisputed. In initiating their appeal to the Superior Court from the decision of the board,[3] the plaintiffs' citation directed the sheriff to summon the board and Roy H. Ervin, the applicant for the variance, to appear by leaving true and attested copies of the complaint and citation with or at the usual place of abode of the chairman or clerk of the board and with Ervin. The citation failed to make reference in any way to the clerk of the municipality.

We reiterate the established law that a statutory right of appeal from a decision of an administrative agency " ' "may be taken advantage of only by strict compliance with the statutory provisions by which it is created." ' . . . [Such] provisions are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Citations omitted.) *Simko I,* supra, 419.[4] In 1985, the Connecticut legislature specifically changed § 8-8 (b) from the disjunctive to the conjunctive and statutorily provided that, as a condition to the initiation of a zoning appeal, the chairman or clerk of the board *and* the clerk of the municipality must be served with true and attested copies of the appeal. When the legislature amends the language of a statute, it is presumed that the legislature intended to change the meaning of the statute; *Shelton* v. *Commissioner,* 193 Conn. 506, 513, 479 A.2d 208 (1984); and to accomplish some purpose. *Farricielli* v. *Person-*

---

[3] For the nature of the variance granted to Roy H. Ervin, see *Simko* v. *Zoning Board of Appeals,* 205 Conn. 413, 414 n.1, 533 A.2d 879 (1987).

[4] The change in General Statutes § 8-8 (b) effected by Public Acts 1985, No. 85-284, § 3, was enacted with presumptive knowledge by the legislature of the judicial gloss placed on the statutory requirements for administrative appeals by this court over many years. See *Murach* v. *Planning & Zoning Commission,* 196 Conn. 192, 200 n.14, 491 A.2d 1058 (1985); *Peck* v. *Jacquemin,* 196 Conn. 53, 72, 491 A.2d 1043 (1985); *McDonald* v. *Haynes Medical Laboratory, Inc.,* 192 Conn. 327, 332, 471 A.2d 646 (1984); *Hurlbutt* v. *Hatheway,* 139 Conn. 258, 263, 93 A.2d 161 (1952).

*nel Appeal Board,* 186 Conn. 198, 204, 440 A.2d 286 (1982); *City Council* v. *Hall,* 180 Conn. 243, 251–52, 429 A.2d 481 (1980). It can only be presumed that, by changing "or" to "and," the legislature intended that both the chairman or clerk of the zoning board and the clerk of the municipality be served.[5] Otherwise the change is of no effect. Further, § 8-8 (b) does not say that the notice of such appeal shall be given to the *zoning board* by serving or leaving true and attested copies of the appeal with the chairman or clerk of the board and the clerk of the municipality. Language to that effect would undoubtedly have made the clerk of the municipality the mere agent for service for the board. To construe § 8-8 (b) in such a manner, however, would be to impose on the statute a meaning that is not even remotely intimated by its literal reading. We note that the legislature has had no difficulty in the past in being able clearly to designate agents for service of process when an agent for service of process is what it intended to create. See, e.g., General Statutes §§ 52-57 (b) through (e), 52-61, 52-62 (c), 52-63 (a), 52-64.

The plaintiffs argue, however, that it is obvious that the clerk of the municipality is only an agent for service because no purpose is served by making the clerk a party to the appeal since the clerk is "foreign to a zoning matter" and the judgment in such a matter would not affect him or her. This argument is premised on the assumption that the statute requires the clerk of the municipality to be served as an individual merely

---

[5] Contrary to the dissenting opinion's opening statement, the majority opinion in this case does not ignore the legislative history. The legislative history was fully discussed in *Simko* v. *Zoning Board of Appeals,* 205 Conn. 413, 533 A.2d 879 (1987) (*Simko I*), and, in fact, the majority specifically explained why it did not find the one statement of Representative Vincent Chase, upon which the minority opinion relies, as controlling. Id., 418 n.6. Given the fact that this opinion does not overrule *Simko I* and relies upon the rationale of *Simko I,* the majority saw no reason to repeat *Simko I* verbatim.

to deliver the appeal to the board as an alternative method of notice to the board.[6] This premise is not supported by the language in § 8-8 (b). More importantly, the clerk of the municipality is the statutorily designated agent for service of process for the municipality itself under General Statutes § 52-57 (b).[7] In requiring service on the clerk of the municipality, the legislature is presumed to have known that and to have acted in view of existing relevant statutes and with an intent to create one consistent body of laws.[8] *State* v. *Harris,*

[6] In part, the minority relies upon General Statutes § 8-8 (b) as it existed prior to 1985 to conclude that the clerk of the municipality was an alternative agent for service, and now has become a necessary agent for service for the *zoning board.* We disagree. It is equally plausible that the chairman or clerk of the board under the pre-1985 version of § 8-8 (b) was merely an alternative agent for service upon the municipality itself given the following: (1) the legislature placed the clerk and the chairman in the same position as the clerk of the municipality with the knowledge that the clerk of the municipality was the statutorily designated agent for service for the municipality under General Statutes § 52-57 (b); (2) ordinarily, the board represented the interests of the public and the municipality; (3) the significant interests that the municipality has in the validity and enforcement of its zoning regulations; (4) the statute was silent concerning in what capacity the three alternative persons named were served; (5) the legislature's past ability to designate mere agents for service; and (6) the fact that, as the minority recognizes, the "purpose of the amendment was to insure that notice of the appeal would always be received in hand by a town official who is ordinarily available at the town office building . . . ."

[7] General Statutes § 52-57 (b) provides: "MANNER OF SERVICE UPON INDIVIDUALS, MUNICIPALITIES, CORPORATIONS, PARTNERSHIPS AND VOLUNTARY ASSOCIATIONS. . . .

"(b) Process in civil actions against the following-described classes of defendants shall be served as follows: (1) Against a town, upon its clerk, assistant clerk, manager or one of its selectmen; (2) against a city, upon its clerk or assistant clerk or upon its mayor or manager; (3) against a borough, upon its manager, clerk or assistant clerk or upon the warden or one of its burgesses; (4) against a school district, upon its clerk or one of its committee; and (5) against other municipal or quasi-municipal corporations, upon its clerk or upon its chief presiding officer or managing agent."

[8] Despite the fact that there is no statutory basis, the minority concludes from the legislature's silence regarding General Statutes § 52-57 (a) that the legislature must have intended the clerk of the municipality to remain an agent for service for the board. The minority ignores the well estab-

198 Conn. 158, 168, 502 A.2d 880 (1985); *State* v. *Ellis,* 197 Conn. 436, 445, 497 A.2d 974 (1985); *Warner* v. *Leslie-Elliott Constructors, Inc.,* 194 Conn. 129, 134, 479 A.2d 231 (1984). We are, therefore, unable to construe the 1985 amendment to § 8-8 (b) as simply designating the clerk of the municipality an alternative agent for service on the board when the clerk has a role of his or her own in the statutory scheme created by the legislature.

The arguments raised by the plaintiffs on reconsideration of *Simko I* stress the absence of any interest of a municipality itself in a zoning appeal that would justify a legislative mandate making the municipality, in addition to the board, a necessary party to the institution of a zoning appeal. The plaintiffs claim, therefore, that it defies common sense to construe the statute as it was construed in *Simko I.* The interests, however, of a municipality in the validity and enforcement of its zoning regulations and in the protection of the public's interest in zoning matters have been recognized in past decisions of this court. See *Avonside, Inc.* v. *Zoning & Planning Commission,* 153 Conn. 232, 239–40, 215 A.2d 409 (1965); *Guilford* v. *Landon,* 146 Conn. 178, 179–80, 148 A.2d 551 (1959); *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 658, 145 A.2d 832 (1958); *Rommell* v. *Walsh,* 127 Conn. 16, 20–24, 15 A.2d 6 (1940); see also T. Tondro, Connecticut Land Use Regulation (1979) § VII (A) (1) and (B), pp. 210, 214.

In *Tyler* v. *Board of Zoning Appeals,* supra, 656, the members of the planning and zoning commission appealed a decision of the town zoning board of appeals that granted a variance that allowed the continued location of the applicant's house closer to the street than otherwise permitted by ordinance. In deciding whether the

lished principles of statutory construction that the legislature is presumed to have acted with knowledge of existing statutes and in an attempt to create a consistent body of laws.

members of the zoning commission were aggrieved for purposes of maintaining an appeal, the court recognized that ordinarily the zoning board of appeals prosecuted an appeal on behalf of the public's interests. Nevertheless, this court also held that "[t]he municipality concerned is always entitled to represent such interests by participating as a party to an appeal. *Milford* v. *Commissioner of Motor Vehicles,* 139 Conn. 677, 681, 96 A.2d 806 [1953]; *Keating* v. *Patterson,* 132 Conn. 210, 212n., 43 A.2d 659 [1945]; *Maltbie,* Conn. App. Proc., § 266." Id., 658.

In *Guilford* v. *Landon,* supra, the municipality's interest in the enforcement of its zoning regulations was clearly acknowledged. In *Guilford,* the municipality, acting through its town planning and zoning commission, brought an action to enjoin the use of a parcel of property by its owner in violation of the regulations. Id., 179. In response to the defendant's motion to dismiss on the grounds that the town had no right to maintain the action, this court held: "The real party in interest is the town. There is a definite public interest to be protected in the enforcement of the zoning regulations, and the town as a party could properly represent that interest." Id., 179–80; see also T. Tondro, supra, § VII (A) (1), p. 210.

This court has also recognized the interest of the municipality in maintaining the validity of its zoning regulations. In *Avonside, Inc.* v. *Zoning & Planning Commission,* supra, 234–35, two developers brought a declaratory judgment action against the town planning and zoning commission to test the validity of a zoning regulation adopted by the commission. This court noted that in an action that involved the validity of the town's zoning regulations, the town itself would be a necessary party. Id., 239.

Additionally, we recognize that the interests of the municipality in a zoning appeal may not always coin-

cide with those of the zoning board. See *Rommell* v. *Walsh,* supra, 20–24. It is not difficult to foresee a situation where the board might grant a variance to an applicant/developer that is not in accordance with the comprehensive plan of development or master plan. While the board may have an interest in having its decision sustained where an appeal is brought by a contiguous property owner, the municipality, nevertheless, would and should be interested in protecting the public and ensuring orderly development of the municipality by also challenging the board's decision.

Accordingly, we affirm *Simko I* and hold that the clerk of the municipality is a statutorily mandated, necessary party to the proper institution of an appeal and must properly be served with true and attested copies of the appeal.[9] Absent strict compliance with its statutory provisions, § 8-8 (b) renders the appeal subject to dismissal. *Simko I,* supra.

We note that our holdings today, as well as our holdings in *Simko I,* should not be construed to render zoning appeals filed in compliance with the provisions of § 8-8 (b), as amended, subject to dismissal where the complaint fails to contain allegations directed against the clerk of the municipality or where the municipality chooses not to appear formally in the action and file responsive pleadings. In those cases where the interests of the municipality coincide with those of the zoning board, and the municipality has determined that the board will adequately protect those interests, the municipality is not an indispensable party to the main-

---

[9] The minority questions whether the statutorily designated agents for service under General Statutes §§ 52-63, 52-59b (c), 52-57 (c) and 52-61 are also necessary parties to those actions. We do not find these applicable by way of analogy. First, these provisions regarding service all involve civil actions and not administrative appeals. Second, and more significantly, the statutes cited clearly designate the real party in interest and unequivocably delineate that the person named to receive process is merely doing so on behalf of the real party in interest.

tenance of the appeal once properly initiated.[10] By the legislature's amending of § 8-8 (b) to mandate service on the statutorily designated agent for service on the municipality, we can only conclude that it has attempted to ensure that the municipality will receive adequate notice and have sufficient opportunity to be heard and protect the interests of the public where necessary.

The next issue for which the plaintiffs request reconsideration is whether it is necessary to direct service upon the clerk of the municipality by naming him in the citation. In light of the foregoing and in reliance on the reasoning and authorities cited in *Simko I,* supra, 419–20, we affirm *Simko I* and hold that the failure properly to cite and serve the clerk of the municipality as required by § 8-8 (b) is a jurisdictional defect that renders a zoning appeal subject to dismissal. The plaintiffs have failed to cite any persuasive authority to the contrary.[11]

Accordingly, we affirm our decision in *Simko I* subject to the limited qualification stated above.

There is no error.

In this opinion PETERS, C. J., HEALEY, GLASS and HULL, Js., concurred.

SHEA, J., with whom COVELLO, J., joins, dissenting. Unlike the previous majority opinion in *Simko* v. *Zon-*

[10] Should the municipality decide, after having been properly cited and served with notice of the appeal, that its interests will be affected by the judgment rendered and will not be adequately represented by the board then the municipality may move, pursuant to General Statutes § 52-107 and Practice Book § 99, to be made a party for all purposes to the maintenance of the appeal.

[11] The minority opinion indicates that "[i]f the majority's assumption that a citation must name an agent for service were sound, most of the forms appearing in the Practice Book prescribing the citations to be used in bringing administrative appeals would be defective, because they do not name the person upon whom service is to be made in behalf of the administra-

*ing Board of Appeals,* 205 Conn. 413, 533 A.2d 879 (1987) (*Simko I*), which purported to rely upon the legislative history of the 1985 amendment to General Statutes § 8-8 (b); Public Acts 1985, No. 85-284, § 3; but conveniently ignored the most significant portion of it, the majority en banc opinion makes no reference to this standard source for ascertaining the purpose of a legislative enactment. Prior to the 1985 amendment, § 8-8 (b) provided, with respect to an appeal taken from a zoning board of appeals, as follows: "Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board, *or* by serving a true and attested copy upon the clerk of the municipality." (Emphasis added.) The statute at that time required service upon the chairman or clerk of the board or upon the clerk of the municipality, creating in effect three alternative agents for service upon a board of appeals, no one of whom was ever regarded as a "necessary party" to the appeal, even when chosen as the instrument for service upon the board. The 1985 amendment simply changed the italicized "or" in the statute as quoted to "and," thus requiring that notice of an appeal be served upon the chairman or clerk of the board, as formerly, *and* also upon the clerk

tive agency involved, which is summoned to appear." It is clear that, unlike the other citation forms referred to by the minority, the citation governing zoning appeals set forth in Practice Book Form 204.7 is defective because it has not yet been amended to reflect the change made in General Statutes § 8-8 (b) by Public Acts 1985, No. 85-284, § 3. The form fails to make reference to the clerk of the municipality in any capacity. In addition, the respective statutes upon which forms 204.3, 204.4, and 204.9 are based; see General Statutes §§ 16-35, 12-118, 30-60 and 4-183; clearly designate the respective parties to an appeal and provide that service shall be made upon such parties in accordance with the prescribed methods of service in ordinary civil actions. General Statutes § 8-8 (b), as amended in 1985, differs significantly from these statutes in that it mandates the parties upon whom the appeal must properly be served for the valid initiation of a zoning appeal. Accordingly, our holdings in *Simko I* and in this opinion cannot be read to render all other administrative appeal citations defective.

of the municipality. It is this change from the disjunctive to the conjunctive that the majority maintains has transformed the municipal clerk from an agent for service to a necessary party.

The legislative history of the 1985 amendment, though sparse, is informative. Representative Vincent Chase, who sponsored the amendment, made the following remarks at the time it was approved by the House of Representatives: "[The amendment is] of a technical nature, which would require that when an appeal is filed on a planning and zoning board, that the appeal notice also be served on the town clerk of the municipality. *I'm offering this amendment as a result of the discussions that I've had concerning an appeal being served on a zoning official who may be at vacation and no one realizing that the board had been served because it was just stuck in a mail box.* This would insure that the town clerk and the administrator of the board were aware in sufficient time, that an appeal may have been served." (Emphasis added.) 28 H.R. Proc., Pt. 13, 1985 Sess., pp. 4773-74. In explaining the purpose of the amendment in the Senate, Senator John Consoli declared: "This bill would make it mandatory rather than optional to serve notices of appeals from the zoning board of appeals and the planning commission to the town clerk." 28 S. Proc., Pt. 9, 1985 Sess., p. 2928.

These remarks indicate that the purpose of the amendment was to ensure that notice of the appeal would always be received in hand by a town official who is ordinarily available at the town office building and thus to avoid the uncertainties of abode service upon a part-time chairman or clerk of a zoning board, who may be absent for a considerable period of time after notice of an appeal has been delivered to his residence. See General Statutes §§ 8-8, 52-57 (b).

These comments, made contemporaneously with the enactment of the amendment, also signify that service of notice of the appeal upon the town clerk, as well as upon the chairman or clerk of the board, was intended to be mandatory, as the amendment of the statute from "or" to "and" dictates. Absent from the legislative history, however, is any indication that this single word change was intended to transform the status of the town clerk from that of an agent for service upon the board to that of a "statutorily mandated, necessary party," as the majority assumes. The record is similarly silent concerning any intention that the town clerk cease to remain an agent for service upon the zoning board but assume his role under General Statutes § 52-57 (a) as one of several agents for service upon the municipality itself, the en banc majority's rationale for the change in the statute.

Shunning such light as the legislative history sheds upon the purpose of the 1985 amendment, the majority opinion gleans from the fact that service of notice of the appeal upon the town clerk has now been made mandatory that he was also intended to be made a necessary party to the appeal. The opinion does not address the implications of construing a requirement for service upon a statutorily designated person as implicitly making him a necessary party. If the town clerk has become a necessary party to a zoning appeal by virtue of the change from the disjunctive to the conjunctive, does either the chairman or the clerk of the board, because of the amendment, similarly become a necessary party, who must be so named in the citation because service is mandated upon one of them? Where service is made upon the commissioner of motor vehicles pursuant to General Statutes § 52-62 as the agent of a nonresident motorist in a suit arising from his operation of a motor vehicle in this state, must the commissioner be named in the writ as a party because

service upon him is mandated as a prerequisite to obtaining jurisdiction over the defendant? See also General Statutes § 52-63 (service upon motor vehicle commissoner as agent for resident operator or owner not found at address on file), § 52-59b (c) (service upon secretary of state in actions against nonresident individuals or partnerships), § 52-57 (c) (service upon an agent of a corporation appointed pursuant to General Statutes § 33-400), and § 52-61 (service upon nonresident fiduciaries).

The gravamen of the majority opinion is that "strict compliance" with the statutory requirements is essential in order to exercise the right of appeal created thereby. In this case, however, it is undisputed that the town clerk was served with notice of the appeal, as the 1985 amendment requires. The ground relied upon by the majority in dismissing the appeal is not the lack of service upon the clerk but the failure to name the clerk in the citation. The opinion declares that "the failure to name the clerk of the municipality in the citation was a jurisdictional defect that rendered the administrative appeal subject to dismissal because a proper citation is essential to the validity of the appeal."

A citation is "[a] writ commanding a person to appear for some purpose specified." Ballentine's Law Dictionary (3d Ed.); see *Sheehan* v. *Zoning Commission,* 173 Conn. 408, 412, 378 A.2d 519 (1977); Black's Law Dictionary (5th Ed.). The citation in this case commanded the deputy sheriff "to summon the Zoning Board of Appeals of the Town of Fairfield . . . to appear before the Superior Court . . . to answer unto the foregoing complaint of [the plaintiffs] . . . ." Although a citation must name all necessary parties, it does not require a person upon whom service must be made to be named as a party simply because he is a statutory agent for service upon a party commanded to appear by the citation. If the majority's assumption that a cita-

tion must name an agent for service were sound, most of the forms appearing in the Practice Book prescribing the citations to be used in bringing administrative appeals would be defective, because they do not name the person upon whom service is to be made in behalf of the administrative agency involved, which is summoned to appear. See Practice Book Forms 204.3 (appeal from public utilities control authority), 204.4 (appeal from board of tax review), and 204.9 (appeal from liquor control commmisson).[1] In the present case, even if the citation had directed service upon the town clerk, as it did upon the chairman or clerk of the zoning board, the town clerk would not have been made a party unless commanded to appear in response to the complaint, as the board and the successful applicant for the variance being appealed were directed.[2]

In *Simko I* the opinion quotes (p. 420) a portion of our decision in *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* 148 Conn. 336, 339, 170 A.2d 732 (1961), to the effect that the citation "bestows upon the officer to whom it is given for service the power and authority to execute its command" and that "[w]ithout it the officer would be little more than a deliveryman." The defect in the citation relied upon in *Village Creek Homeowners Assn.,* however, was the failure to name the public utilities commission and the utility company involved as parties ordered to respond to the complaint, not the failure to mention in the citation the person

---

[1] It should be noted that the citation which the majority finds defective in this case follows precisely the form of citation prescribed by the Practice Book for an appeal from a zoning board of appeals. Practice Book Form 204.7. This form of citation, unlike others used for administrative appeals, superfluously designates the chairman or clerk of the board as alternative agents for service upon the zoning board. The town clerk is not so designated, presumably because the form was drafted before the 1985 amendment and was not revised after its enactment.

[2] See *Simko* v. *Zoning Board of Appeals,* 205 Conn. 413, 415 n.3, 533 A.2d 879 (1987), for the text of citation issued by the plaintiffs.

authorized to be served in behalf of the commission. "[The complaint] did not, however, contain a citation directing the officer to make service upon either the commission or the power company and to summon them to appear in court." Id., 338. In the case before us the citation not only named the zoning board and the successful applicant as parties to appear in court but also directed the sheriff to "make due service and return" of the writ. It is true that the citation unnecessarily specified the manner in which service was to be made upon the board and in doing so erroneously omitted to mention the town clerk in addition to the chairman or clerk of the board as the individuals to be served. The command to the sheriff to make due service upon the board, however, bestowed upon him all the authority needed to make service in his official capacity upon anyone required by the statute in order properly to cite the board to appear in court. The sheriff, therefore, was not acting as a mere "deliveryman" in serving the town clerk but in his official capacity charged with the duty of making valid service upon the town clerk, as well as the chairman or clerk of the board, in order to cite the zoning board to appear in court pursuant to the 1985 amendment to § 8-8 (b), a responsibility that the sheriff adequately fulfilled.

The majority opinion appears to recognize that the town clerk in his individual capacity has no personal interest in a zoning appeal that would permit him to become a party, let alone a necessary one. Only a person with a judicially cognizable interest in an action may be a party. That interest must be one that the outcome of the litigation will affect. The en banc majority opinion, nevertheless, continues to affirm the holding in *Simko I* that the clerk is a "statutorily mandated, necessary party to the proper institution of an appeal." Apparently, however, the town clerk is not to be summoned to appear in response to the complaint, as the

citation must command in respect to other parties, because he could not very well appear if he had no interest justifying his presence as a party.

It is the municipality, the en banc majority maintains, that has an interest in its zoning regulations sufficient to support its presence as a party to the appeal. The function of the town clerk, the opinion implies, is merely to serve as an agent for service on the municipality. The opinion does not indicate, however, that the municipality rather than the town clerk should be named in the citation as the party commanded to appear in response to the complaint. Presumably, therefore, the municipality itself is not a necessary party for a complete adjudication of the appeal but is merely one entitled to receive notice thereof so that it may choose whether to intervene. If the town clerk cannot in his own right become a party and if the municipality is simply entitled to receive notice of the appeal through service on the clerk so that it may intervene, it is difficult to understand the basis for the majority's view that this action should be dismissed for lack of subject matter jurisdiction because of the absence of a necessary party.

The defect relied upon for this result by the majority is not a failure to comply with the statute, whose terms have been fulfilled to the letter by actual service on the clerk, but a supposed deficiency of the citation in failing to specify that service was to be made on the town clerk. The 1985 amendment, however, does not provide reasonable notice of the changed role of the clerk in accepting service of the appeal as the agent of the municipality rather than as agent of the zoning board as formerly. This transformation in the role of the clerk, somehow perceived in the amendment by the majority, seems to be the thread upon which the opinion depends for its conclusion that the failure of the citation to name the town clerk as a "statutorily designated party" is fatal to the appeal. Such a novel construction of the

single word change effectuated by the amendment, however, was not even envisioned by the majority in *Simko I,* nor can those who have taken appeals since the enactment of the amendment fairly be charged with being aware of the majority's presently announced view of its purpose.

"It is the courts, the legal profession and the public generally, not just the plaintiffs, who are the losers when serious cases . . . fail to be resolved on their merits because of some procedural deficiency." *Hughes* v. *Bemer,* 200 Conn. 400, 405, 510 A.2d 992 (1986) (*Shea, J.,* dissenting). Where the procedural deficiency claimed to make such a result unavoidable follows from a construction of a statute not required by its language, wholly inconsistent with its legislative history, and unheralded by applicable precedent, the frustration of the principal objective of our judicial system, to resolve controversies on their merits, arises from a mere exaltation of form over substance.

Accordingly, I dissent.