[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal under Connecticut General Statutes 4-183
from a decision of the Connecticut Board of Firearm Permit Examiners ("Board"). The appellant, Robert Johnsey, Jr., filed an appeal from the action of the Board on May 14, 1990. On April 11, 1990, the Board affirmed the decision of the Police Chief of North Branford denying the plaintiff's application for a pistol permit.
A review of the record, specifically the Memorandum of Decision, disclosed the following findings of fact:
 "1. The appellant has been involved in three incidents of taking gasoline without paying for it (one of which was another person using the appellant's car.) Restitution has been made in all cases, thus no arrests were made.
CT Page 959
 2. The appellant compiled four motor vehicle violations between 9-86 and 2-88.
 3. The appellant is currently an MP in the Connecticut National Guard."
The Memorandum of Decision states the conclusion that ". . . there is just and proper cause for the denial of a pistol permit because, while the appellant's behavior has been stable quite recently, his long period of imprudent behavior earlier indicates that he is not a suitable person at this time." The appellant is now twenty years old.
The appeal alleges that the decision of the Board "was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record" and that the ". . . plaintiff is in all respects a suitable person to have such a pistol permit."
JURISDICTION
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created that right. Simko v. ZBA, 206 Conn. 374, 377 (1988). These provisions are mandatory and jurisdictional, failure to comply subjects the appeal to dismissal. Id. Here the relevant statute is Connecticut General Statute 29-32b (F), which provides:
 (F) Any person aggrieved by the decision of the Board may appeal therefrom in accordance with the provisions of section 4-183.
TIMELINESS
Connecticut General Statutes 4-183 (c) requires that a person appealing a decision of an administrative agency serve a copy of the appeal on the agency or at the office of the attorney general within 45 days of the mailing of the final decision. The record reveals that the decision of the Board was mailed April 11, 1990. The sheriff's return attests to service on all defendants May 10. The return of service also demonstrates compliance with 4-183 (d). Accordingly, the appeal is timely.
AGGRIEVEMENT
In order to show aggrievement under Connecticut General Statutes 4-183, one must have a specific, personal and legal interest in the subject matter of the agency's decision, as opposed to a general interest, and one must also be specifically CT Page 960 and injuriously affected as regards property or other legal rights. Connecticut Business Industries Ass'n. v. CHHC,214 Conn. 726, 730 (1990). Under Connecticut General Statutes 29-32b(b) a person whose application for a permit has been refused is aggrieved, within the contemplation of that statutory provision.
SCOPE OF REVIEW
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced, because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Section 15 of Article First of the Connecticut Constitution provides: "Every citizen has a right to bear arms in defense of himself and the state." The state legislature in the exercise of its police power has imposed certain restrictions on the right of the citizens to possess firearms. Such restrictions have been found reasonable and constitutional. See, e.g., State v. Bailey,209 Conn. 322, 346-47 (1988). ("It is beyond serious dispute that the legislature has the authority to place reasonable restrictions on a citizen's right to bear arms.") This means that subsections (1) through (4) of 4-183 (j) are not in issue in this case. The record displays sufficient indicia that the procedures employed were in accordance with the relevant statutes, Connecticut General Statutes 29-28, 29-30 and 29-32b.
Therefore, if any deficiency or error is to be shown in the Board's decision, the decision must be shown to fail under subsections (5) and/or (6) of 4-183. The decision must be revealed as clearly erroneous or arbitrary as those terms are commonly defined, here meaning unsupported by the evidence. The evidence is not disputed as to the defendant's violation and incidents above recited which, as the transcript states at p. 13, CT Page 961 demonstrate "immaturity at the very least." The Board stated in its "Conclusions of Law", that the appellant's "long period of imprudent behavior" provided "just and proper cause for the denial of a pistol permit."
It was not unreasonable for the Board to conclude based on the reliable, probative and substantial evidence that the appellant is not a suitable person to hold a pistol permit. The statute does not supply a definition of "suitable person" nor any specific standards. It has not been demonstrated that the action of the Board was clearly erroneous. Inasmuch as the court may not substitute its judgment for that of the agency in the absence of a clearly erroneous ruling, Connecticut General Statutes 4-183 (j), the appeal is dismissed.
BARRY R. SCHALLER, JUDGE