[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Enfield Conservation Commission, acting as the Enfield Inland Wetlands and Watercourses Agency, which denied the application of the plaintiff for a permit to develop a parcel of land located in Enfield. The Commission is a duly authorized board or commission or the Town of Enfield and acts as that town's wetlands and watercourse agency pursuant to General Statutes22a-36 through 22a-45 and town ordinance.
An appeal from a decision from this commission is a statutory creature and must strictly comply with the statutory provisions by which it is created. Such provisions are mandatory and jurisdictional in nature and, if not complied with, cause the appeal to be subject to dismissal. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377 (1988).
The court must first determine if jurisdictional requirements have been met in this case by examining whether or not the plaintiff has complied with the provisions of General Statutes 22a-43 (a). This statute, inter alia, provides that "[N]otice of such appeal shall be served upon the inland wetlands agency and the commissioner. The commissioner may appear as a party to any action brought by any other person within thirty days from the date such appeal is returned to the court." The commissioner referred to in the statute is the commissioner of environmental protection. General Statutes22a-38 (1).
There is nothing in the record of this case to indicate that the plaintiff ever notified the commissioner of its appeal from the decision of the defendant agency as required by General Statutes 22a-43 (a). Whether or not failure to so notify the commissioner denies the court of subject matter jurisdiction is the issue before this court. This circumstance, with one significant factual difference, was examined by our supreme court in Demar v. Open Space and Conservation Commission,211 Conn. 416, (1989). In Demar, supra, the defendant functioned as the Town of Rocky Hill's inland wetland and watercourse agency and, acting as such, denied the plaintiffs therein their application for a permit. The plaintiffs appealed the agency's decision but failed to notify the commissioner of environmental protection. Several months later the defendant filed a motion to dismiss for lack of subject matter jurisdiction citing the plaintiffs' failure to notify the commissioner. Prior to a CT Page 1120 court hearing on the motion to dismiss, however, the plaintiffs served notice of the appeal on the commissioner. From an appeal of the trial court's decision that it lacked subject matter jurisdiction, our supreme court said that while the commissioner as environmental protection is not a necessary party to such an appeal, it is clear that the legislature intended that the commissioner be given not ice that an appeal had been taken. In ruling that the trial court had subject matter jurisdiction, the Demar court limited its ruling to the particular facts of that case pointing out that "[We] do not have a case here in which the commissioner did not receive notice but one where she was aware that the motion to dismiss was pending." Id., at 430. In the instant case, no notice was ever given to the commissioner, thus denying that official the option of appearing as a party to this action pursuant to General Statutes 22a-43 (a). This circumstance causes this court to find that subject matter jurisdiction is lacking in this case.
Moreover, the jurisdictional requirement of proof of aggrievement has not been met by the plaintiff on the record presented.
Accordingly, the plaintiff's appeal is dismissed.
BARRY, J.