[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the defendant, City of New Haven Inland Wetlands Agency ("Agency"), denying the plaintiff's reapplication for a permit which had been previously approved but which had later expired.
The reapplication was denied on the basis of having a deleterious impact on the neighborhood, although the testimony from the previous application remained unchanged.
On March 14, 1988, the plaintiff was granted a permit with conditions by the defendant, to construct a single-family residence on 729-731 West Main Street. The following are the conditions: (1) There shall be a deed restriction to read: no building or activity allowed within an area located between wetlands boundary line and a line being located 16' northerly of the rear of the house, and (2) hydrologic analysis is required by developers from the street to the wetland prior to construction. (ROR, exh. G, p. 3.) The CT Page 6685 permit expired on March 14, 1989 because the condition of initiation of activity within one year was not fulfilled. ("Regulations Inland Wetland and Watercourses Agency of the Conservation Commission, City of West Haven," Section 7.2.)
Reapplication was made on June 21, 1989. On September 21, 1989, the application was continued to October 10, 1989 because further information was required. The Agency requested the following be submitted by the plaintiff in writing:
(1) Reports on amount and use of fill
(2) Hydrological study
 (3) Report on increase of flow and sufficiency of the pipe
At the October 10, 1989 meeting, the reapplication was denied on the grounds that all of the information was not provided by the plaintiff.
Further reapplication was made on November 21, 1989 and on January 8, 1990, it too was denied, the Agency charging that "it would be an impact on the neighborhood" and that there "was no change in the testimony from the previous application." (ROR, exh. X, pg. 9.)
On February 6, 1990, an appeal was filed and subsequently amended on August 2, 1990 and August 8, 1990.
In its appeal, the plaintiff alleges that: (1) the plaintiff's substantial rights have been prejudiced by the denial; (2) the defendant's findings, inferences, conclusions or decisions were erroneous in view of the reliable probative and substantial evidence on the entire record; and (3) that the actions of the Agency were arbitrary and capricious characterized by abuse of discretion or unwarranted exercise of discretion.
See Connecticut General Statutes Section 22a-36 to22a-45 for the authority given to the Agency.
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created that right. Simko v. Zoning Board of Appeals,206 Conn. 374, 377 (1988). These provisions are mandatory and jurisdictional; failure to comply subjects the appeal to dismissal. Id. CT Page 6686
There is no dispute as to aggrievement. The plaintiff alleges and the defendant admits that the plaintiff owns the land involved. The Court, therefore, finds aggrievement.
"The agency's decision must be sustained if an examination of the record discloses evidence that supports any one of the reasons given" for the decision. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 539-40 (1987) (citations omitted). The evidence to support any such reason must be substantial. Id. at 540. "This so-called substantial evidence rule is similar to the `sufficiency of the evidence' standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . ." Id. at 541. (citations omitted).
"(A)n administrative agency is not required to believe any witness, even an expert, nor is it required to use in any particular fashion any of the materials presented to it so long as the conduct of the hearing is fundamentally fair." Id. at 542. (citations omitted). The court's ultimate duty is only to decide whether, in light of the evidence, the (local authority) has acted unreasonably, arbitrarily, illegally, or in abuse of discretion. Caldor, Inc. v. Heslin, 215 Conn. 590,596 (1990). (citations omitted). (A)n agency's factual and discretionary determinations are to be accorded considerable weight by the courts." State Medical Society v. Board of Examiners in Podiatry, 208 Conn. 709, 717 (1988). (citations omitted). "A plaintiff has the burden of proof as to the existence of any abuse." Anthony Augliera, Inc. v. Loughlin,149 Conn. 478, 482 (1962) (citations omitted). As a general proposition, the court's determination of the appeal is limited to the record before it. Leib v. Board of Examiners for Nursing, 177 Conn. 78, 92 (1979).
It is not the function of the court to adjudicate the facts. It needs only, examine the record to determine if the ultimate findings were supported by substantial findings. See Connecticut General Statutes Section 4-183 (j). The Agency's decision must be sustained if an examination of the record supports any one of the reasons given.
In order to support his position that there would be no impact on the inland wetlands, the plaintiff introduced the report of Virginia Burkhardt, an ecologist. This evidence, it is asserted, supported the plaintiff's position that no impact would occur (ROR, Exh. C.). Drainage analysis was also provided which stated that the runoff from the catch basins CT Page 6687 would be negligible. (ROR, Exh. P). The report concluded that the detention area would be adequate to control any runoff and that there would be no measurable difference in the runoff characteristics of the area. (ROR, Exh. P.)
These reports, the plaintiff asserts, support his position that the denial of the application by the Agency flies in the face of scientific data. He further maintains that the question regarding the adverse impact on the inland wetlands is beyond the ken of the defendant, and therefore, expert testimony may be utilized.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drown from those facts are reasonable." Connecticut Light and Power Co. v. DPUC, 216 Conn. 627, 639
(1990) (citations omitted). A "`reviewing court is required to search the record for reasons to support the agency's decision.'" Gagnon v. Inland Wetlands and Watercourses Commission, 213 Conn. 604, 609 (1990). "(N)onexperts may offer reliable and substantial evidence" and therefore an agency does not fully have to rely on only expert evidence, it may consider nonexpert evidence. Kaeser v. Conservation Commission, 20 Conn. App. 309, 315-16 (1989).
This Court finds that the Agency's decision is amply supported by the record.
The minutes from the October 10, 1989 meeting of West Haven Inland Wetland Agency at page 2 contain the reasons why the plaintiff had to reapply and what the "change in conditions" were. In pertinent part, the minutes state:
 Chairman Clabby replied by stating there were four (4) different items to be provided to the IWA as requested at the September 11, 1989 meeting and only one item was supplied (by the plaintiffs)
Items requested:
 1. Reports certifying how much fill will be used and where.
 2. Provide a hydrological study to evaluate the pipe on abutting property at 727 West Main Street. CT Page 6688
 3. Provide a report of the increase of flow from gutters.
 4. Is the pipe sufficient to do the job, and if not, how will the flow be slowed up?
 Since the requested information has not been received and the 65-day period to make a decision is up, a reapplication would be necessary. . ."
 Commissioner Ehrhardt asked (Attorney Mass, attorney for the applicant) if the drainage analysis just received was the only item received. Chairman Clabby replied yes and at this late date it could not be reviewed by the City Engineer as requested. Commissioner Ehrhardt also stated the engineer was requested to look into a zero continuing runoff and if the gutters are continuing to run from the roof into the storm sewer, there is bound to be an increase, plus the fact Attorney Mass. had indicated there has been no change since the last permit was approved in 1988.
 Commissioner Ehrhardt contended there had been a change, now that the IWA has been apprised of severe problems downstream. The HWA was not aware of some problems when the application was approved in 1988, but have more knowledge since there have been other parcels that have come before the Agency and has caused the IWA to review more carefully. The water is running across Main Street and ends eventually in the Cove Brook. The IWA has become aware of the increased water coming through that area which ends up down in the Cove Brook area and based on that Commissioner Ehrhardt stated he felt there has been new information that has come to the attention of the Agency. Commissioner Romano agreed with Commissioner Ehrhardt. Commissioner Ehrhardt presented a MOTION to deny Application #89-7 since information requested was not provided, which was SECONDED by Commissioner DeLeo. CT Page 6689 Motion APPROVED vote was as follows: 5 yeas, Commissioners Clabby, DeLeo, Ferris, Pascale and Ehrhardt.
At the meeting of, January 8, 1990, when Application #89-7 was denied, the Agency stated its reason for denial. It said that it was denying the application because ". . . it would be an impact on the neighborhood" and "that the reason for denial was no change." (ROR, Exh. 4, p. 9.)
Based on the evidence of the whole record, the decision is supported by substantial evidence.
The plaintiff, on the issue of abuse of discretion by the Agency, relies upon Grillo v. Zoning Board of Appeals of the City of West Haven, 206 Conn. 306, 367 (1988), where the court held that an administrative agency cannot reverse a prior decision unless there has been a change of conditions or other considerations have intervened which materially affect the merits of the matter decided. This principle applies, however, only in those matters where the same or substantially the same relief is sought in the subsequent application. This burden must be borne by the plaintiff. (See Grillo, supra, at pg. 367.) Whether the relief sought in the application is substantially the same is for the agency to determine in the first place. Carlson v. Fisher, 18 Conn. App. 488, 499, n. 6 (1989).
The Agency has articulated its findings relative to the changed conditions.
This Court finds that the Agency did not act arbitrarily or in abuse of its discretion in rendering its decision, which is supported by the record.
Plaintiff's appeal is dismissed.
MIHALAKOS, J.