[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which create that right. Simko v. Zoning Board of Appeals, 206 Conn. 374,377 538 A.2d 202 (1988). These provisions are mandatory and jurisdictional; failure to comply subjects the appeal to dismissal. Id. Appeals from zoning commissions are taken CT Page 6227-jj pursuant to General Statutes 8-8.
A party commencing an appeal must do so by commencing service of process within fifteen days from the date that notice of the decision was published. General Statutes 8-8(b). The appeal shall be returned to the court in the same manner and within the same periods of time as prescribed for civil actions brought to that court. Id. Notice of such appeal shall be given by leaving a true and attested copy of the process with or at the usual place of abode of the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. General Statutes 8-8(e). Publication of the notice of decision, together with a certified letter to the applicant, must be completed within fifteen days following the decision. General Statutes 8-7d.
Notice of the decision was published in the Connecticut Post on September 16, 1992. (ROR #15.) On September 29, 1992, the plaintiff commenced this action by making service upon Daniel Tuba, the clerk of the Monroe Planning Zoning Commission and Kay Inderdohnen, town clerk for the Town of CT Page 6227-kk Monroe. Thus the plaintiffs appeal was commenced in a timely fashion.
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planning and Zoning Commission, 219 Conn. 303, 307592 A.2d 953 (1991) Section 8-8(b) provides in pertinent part that "any person aggrieved by any decision of a board may taken an appeal to the superior court or the judicial district in which the municipality is located." General Statutes 8-8(b). "To be an aggrieved person, one must affected directly or in relation to a specific personal and legal interest in the subject matter of the decision, . . . and the appellant must be specifically and injuriously affected as to property or other legal rights." (Citation omitted.) Winchester Woods, supra, 307. An owner of the subject property is aggrieved and entitled to bring an appeal. Id., 308.
The plaintiff is aggrieved because he is the owner of the subject property (see evidence presented at the May 19, 1993 hearing before this court), and because his valid prior-existing CT Page 6227-ll nonconforming use is affected by the Planning Zoning Commission's decision to deny his application for a special permit to use rock crushing equipment in conjunction with his sand and gravel business.
A trial court may grant relief on appeal from a decision of an administrative authority only where the authority has acted illegally, or arbitrarily, or has abused its discretion. Caserta v. Zoning Board of Appeals, 28 Conn. App. 256,610 A.2d 713 (1992). The plaintiff has the burden of proving that the zoning authority acted improperly. Pleasant View Farms Development, Inc. v. Zoning Board of Appeals, 218 Conn. 265,269-70, 588 A.2d 1372 (1991).
When ruling on an application for a special permit, a planning and zoning board acts in an administrative capacity. Double I Limited Partnership v. Planning Zoning Commission,218 Conn. 65, 72, 588 A.2d 624 (1991). Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of its legal discretion, whether a particular section of the zoning CT Page 6227-mm regulations applies to a given situation and the manner in which it does apply. Id. In applying the law to the facts of the case, the board is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal. Spero v. Zoning Board of Appeals,217 Conn. 435, 440, 586 A.2d 582 (1991).
On appeal, the trial court reviews the record before the commission to determine whether it has acted fairly or with proper motives upon valid reasons. Id. In so doing, the court may not substitute its judgment for that of the commission. Friedman v. Planning Zoning Commission, 222 Conn. 262, 268,608 A.2d 1178 (1992). If the court concludes that any one of several reasons submitted by the commission for its acting is reasonably supported by the record, then the commission's action must stand. Id.
Section 117-2114.A. of the Monroe Zoning Regulations provides that:
Any existing excavation operation which CT Page 6227-nn was commenced prior to any regulation relating thereto and is presently being conducted without a permit may be continued, provided that said continued operation is carried on in accordance with these regulations relating to grading, drainage, slopes and restoration provisions, and be subject to issuance of a permit under the requirements of this Article XXI.
(Emphasis added.) "It is a standard rule of construction that `whenever feasible, the language of an ordinance will be construed so that no clause is held superfluous, void or insignificant.'" (Citation omitted.) Planning Zoning Commission v. Gilbert, 208 Conn. 696, 705, 546, A.2d 823 (1988).
Based on the plain language of 117-2114.A., in addition to the regulations which relate to grading, drainage, slopes and restoration, the plaintiff is subject to the following sections CT Page 6227-oo of Article XXI, all of which provide conditions for the issuance of a special permit: 117-2102, which requires the applicant to obtain inland wetland approval; 117-2103, 117-2104 and 117-2105, which require the applicant to submit maps and plans 117-2106, which requires a statement from the Tax Collector of Monroe and an engineering report; 117-2107, which sets forth the fee for an excavation permit; 117-2108 and 117-2109, which set forth numerous conditions and requirements for approval of the permit; 117-2210, which sets forth the permittee's responsibilities with respect to the Town's roadways; 117-2111, which requires the applicant to furnish performance bonds; 117-2112, which states that the ZEO is authorized to enforce the provisions of any special permit; and 117-2113, which provides the condition for renewal and revocation of a permit.
The Planning Zoning Commission's first reason for denying the plaintiff's application for a special permit to use rock crushing equipment is that `[t]he application seeks a permit for a use and activity which is not permitted under the Monroe Zoning Regulations, specifically 117-2109P." (ROR #4.) Section 117-2109P clearly prohibits the use of rock crushing CT Page 6227-pp equipment in conjunction with an excavation operation. Based on the language of 117-2114.A., the prohibition contained in 117-2109P is applicable to the plaintiff's excavation operation. Thus, the Planning Zoning Commission first reason for denying the plaintiff's application is in accord with the applicable zoning regulations, and is supported by the record.
Since the Planning Zoning Commission's first reason for denying the plaintiff's application is supported by the record, the plaintiff's appeal is dismissed.
SYLVESTER, JUDGE.