[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff, Latrobe Steel Company, appeals from a decision of the Board of Tax Review of the Town of Bloomfield. The plaintiff claims that the defendant Town wrongfully assessed its property for taxation.
The defendant filed a motion to dismiss the action for lack of subject matter jurisdiction due to the plaintiff's failure to include a prayer for relief in its complaint. The plaintiff did include a Statement of Amount in Demand in its complaint, stating that it "seeks monetary demand in an amount more than Fifteen Thousand ($15,000) Dollars," but did not include a request for the type of relief sought. The plaintiff filed an objection to the motion to dismiss, arguing that the CT Page 6457 complaint conforms to the requirements of General Statutes § 52-91, or that alternatively, the Statement of Amount in Demand satisfies the statutory requirements.
The plaintiff's action was brought pursuant to General Statutes §§ 12-117a and 12-119, which require that appeals be "returnable at the same time and served and returned in the same manner as is required in case of a summons in a civil action. . ." General Statutes § 52-91 provides, in relevant part, that a complaint "shall contain a statement of the facts constituting the cause of action and, on a separate page of the complaint, a demand for the relief, which shall be a statementof the remedy or remedies sought." (Emphasis added.)
"In an ordinary civil case, the general rule is that a prayer for relief must articulate with specificity the form of relief that is sought." Stern v. Medical Examining Board,208 Conn. 492, 501, 545 A.2d 1080 (1988). "A party who fails to comply with this rule runs the risk of being denied recovery." Id.
 In the administrative context, a proper claim for relief serves the equally vital function of establishing the jurisdictional authority of the tribunal. Unlike the general jurisdiction of the Superior Court, . . . the jurisdiction of an administrative body is not to be presumed and must be established affirmatively by the notice of hearing and statement of charges in any given case. . . . [C]ertain jurisdictional facts are essential to establish the statutory jurisdiction of tribunals of limited authority. The existence of these facts is fundamental to the power to entertain and adjudicate a proceeding on the merits. In short, such facts condition the power to act.
Id., 501-02. (Citations omitted; internal quotation marks omitted.) The plaintiff in the present case has not requested any relief, so the court has no jurisdiction to grant relief.
The plaintiff argues that Stern focused on whether the statutory jurisdiction of the Medical Examining Board CT Page 6458 extended to the revocation of a medical license that expired by lapse of time prior to the commencement of formal proceedings. The Stern case, however, also stands for the proposition that the plaintiff is bound by the relief sought, even though other relief may technically be available and appropriate. Id., 502. Because a plaintiff with a "narrowly drawn" prayer for relief "rendered the case subject to dismissal for lack of jurisdiction;" id.; it logically follows that a plaintiff who fails to request any relief fails to establish the subject matter jurisdiction of the court.
A Statement of Amount in Demand is required when money damages are sought. General Statutes § 52-91. The language of the statute establishes that the two items are distinct, and one does not take the place of the other. The plaintiff must strictly comply with the statutory provisions governing its appeal. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377,538 A.2d 202 (1988). Because the plaintiff has failed to request a type of relief, the court lacks subject matter jurisdiction. Accordingly, the defendant's motion to dismiss is granted.
JOSEPH H. GOLDBERG SENIOR JUDGE
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 6468