[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff town of New Milford petitioned the defendant commissioner of environmental protection for a declaratory ruling, invoking the provisions of the Uniform Administrative Procedure Act, General Statutes §4-166 et seq.; in particular, § 4-176. After consideration, the commissioner issued a written decision stating that "the issues posed by the petition [are] moot and in need of no further review." The plaintiff appeals that decision. The commissioner and defendant Waste Management of Connecticut, Inc. move to dismiss the appeal for lack of subject matter jurisdiction. The court finds the issues in favor of the defendants.
The plaintiff's petition sought rulings on nine separate issues regarding Waste Management's Groundwater Permit Renewal Application and Disruption Application for the solid waste disposal facility located at 182 Danbury Road, New Milford, Connecticut. The plaintiff's petition addressed the environmental effects of the proposed disruption and raised concerns regarding potential negative impacts on the shallow aquifer beneath the Landfill, off-site downgradient groundwater, odor emission, and the Town's ability to enforce its zoning regulations.
The basis for the commissioner's decision was his conclusion that the plaintiff's petition was rendered moot by the consent order entered into between Waste Management and the commissioner. Specifically, the commissioner observed that the consent order "addressed the groundwater concerns raised by the [Town], authorized the disruption of sideslopes pursuant to Regulations of Connecticut State Agencies Section 22a-209-7(u), and provided for the cessation of all waste disposal at the site on or before July 31, 1996."
"It is well established that the right to appeal an administrative action is created by statute and a party must exercise that right in accordance with the statute in order for the court to have jurisdiction." NewEngland Rehabilitation Hospital of Hartford, Inc. v. CHHC,
CT Page 11110226 Conn. 105, 120, 627 A.2d 1257 (1993). Such statutory provisions "are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Citations and internal quotation marks omitted.) Simko v. Zoning Board of Appeals, 206 Conn. 374,377, 538 A.2d 202 (1988). General Statutes § 4-183
(a) of the UAPA provides that "[a] person . . . who is aggrieved by a final decision may appeal to the superior court as provided in this section. . . ." General Statutes § 4-166(3) defines "final decision" as, inter alia, "B) a declaratory ruling issued by an agency pursuant to section 4-176." The question raised by the defendants' motion to dismiss in this case is whether the commissioner's action constituted an appealable declaratory ruling. The defendants contend that the commissioner failed to issue a declaratory ruling and, therefore, the plaintiff has no right to an appeal under General Statutes § 4-183(a).
In opposition to the defendants' motion to dismiss, the plaintiff argues that the commissioner issued an appealable declaratory ruling pursuant to General Statutes § 4-176 (e)(1). Furthermore, the plaintiff claims that documentary evidence supports this conclusion. The plaintiff maintains that the decision is, in effect, a declaratory ruling because it is entitled "DECLARATORYRULING" and because the text of the decision fails to cite the inaction election under General Statutes §4-176(e)(5).
General Statutes § 4-176(e) provides that upon receipt of a petition for a declaratory ruling, an agency must take one of five specific courses of action. Among these is "(5) decide not to issue a declaratory ruling, stating the reasons for its action." This is exactly what the commissioner did in the present case. He decided not to issue a declaratory ruling, stating as his reason that the petition was "moot and in need of no further review." The court finds, therefore, that the commissioner's decision is not a declaratory ruling pursuant to General Statutes § 4-176(e)(1), but rather a decision not to issue a declaratory ruling pursuant to General Statutes § 4-176(e)(5). Accordingly, the decision is not a "final decision" as defined in General Statutes § 4-166 and fails to provide the basis for an appeal CT Page 11111 under General Statutes § 4-183.
As this court has previously observed, a decision by an agency not to issue a declaratory ruling in response to a request does not leave the petitioner without a remedy. General Statutes § 4-175 provides that "if an agency decides not to issue a declaratory ruling pursuant to § 4-176 (e)(5), the petitioner may seek a declaratory judgment in this court concerning the matter in question. Thus, the UAPA provides an alternative remedy to the administrative appeal procedure in such cases." ArawanaMills v. Commissioner of Environmental Protection,
Superior Court, JD of Hartford/New Britain at Hartford, Docket No. 52 82 78 1 — Conn. L. Rptr. 588 (January 4, 1994) (Maloney, J.).
The motion to dismiss is granted.
MALONEY, J.