[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS
On November 12, 1997, the plaintiff, Republic Realty, LLC, filed an administrative appeal in the Waterbury Superior Court, alleging, inter alia, that on October 15, 1997, the planning and zoning commissions of the borough of Naugatuck improperly denied the plaintiffs application for a special permit. In the appeal, the plaintiff alleges that both the planning commission and the zoning commission "acted illegally, arbitrarily and/or in abuse of its discretion in denying the Plaintiff-Appellant's application for a special permit."
On January 18, 2001, the court, West, J., filed a memorandum of decision[1] dismissing the plaintiffs appeal on the ground that the plaintiff failed to serve the proper parties in accordance with the requirements of General Statutes §§ 8-8 (b) and (e).[2]
Specifically, the court held that because the clerk of the borough of Naugatuck was neither cited, nor served, the appeal must be dismissed for lack of subject matter jurisdiction.
On January 26, 2001, the plaintiff commenced a new administrative appeal and effectuated service of process upon the chairpersons of the planning and zoning commissions, as well as the clerk of the borough of Naugatuck, in accordance with § 8-8 (e). In this new appeal, the plaintiff realleges that the planning and zoning commissions improperly denied its application for a special permit. The plaintiff also realleges that both the planning commission and the zoning commission "acted illegally, arbitrarily and/or in abuse of its discretion in denying the Plaintiff-Appellant's application for a special permit." The plaintiff alleges that it has filed this new appeal in accordance with the provisions of General Statutes (Rev. to 1999) § 8-8 (q).[3]
CT Page 11673
On March 29, 2001, the defendants filed a motion to dismiss this second appeal, along with a supporting memorandum of law, on the ground that this court lacks subject matter jurisdiction. On April 4, 2001, the plaintiff filed an objection to the defendants' motion to dismiss.
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31
(a). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998).
In their motion to dismiss, the defendants argue that the plaintiff failed to properly commence the original appeal within fifteen days of publication as required by § 8-8 (b) and (e) and that the matter cannot be saved by General Statutes (Rev. to 1999) § 8-8 (p) and (q).[4] Additionally, the defendants point out that in RepublicRealty, LLC v. Planning Commission, Superior Court, judicial district of Waterbury, Docket No. 142928 (January 18, 2001, West, J.) (RepublicRealty I), the court held that "the plaintiffs failure to properly cite and serve the borough clerk and the chairpersons of the commissions is a jurisdictional defect of such magnitude that it cannot be cured by the saving provisions of General Statutes §§ 8-8 (j) or (q)." In its objection to the defendants' motion to dismiss, the plaintiff contends that the court should deny the motion to dismiss because the defendants failed to file the motion within thirty days of the return date in violation of Practice Book § 10-8.[5] Additionally, the plaintiff argues that § 8-8 (p) and (q) saves this appeal from the jurisdictional defects.
While a motion to dismiss must generally be filed within thirty days of the filing of a general appearance; Practice Book § 10-30; "[a]ny claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." Practice Book § 10-33. "It is well established that within the context of administrative appeals, defects in service of process deny the court subject matter jurisdiction CT Page 11674 over the appeal." Gadbois v. Planning Commission, Connecticut Supreme Court, Docket No. SC 16483 (August 21, 2001). This court finds, therefore, that because the defendants' motion to dismiss challenges the court's subject matter jurisdiction, and because such a claim can never be waived, the motion is timely under the scope of Practice Book §10-33.
Prior to Public Acts 1988, No. 88-79, § 1(b), now codified at General Statutes § 8-8 (e), our Supreme Court held "that the clerk of the municipality is a statutorily mandated, necessary party to the proper institution of an appeal and must properly be served with true and attested copies of the appeal." Simko v. Zoning Board of Appeals,206 Conn. 374, 382, 538 A.2d 202 (1988). Public Acts 1988, No. 88-79 clarified "that the clerk of the municipality was not a necessary party to the appeal . . . [but] emphasized that the service upon the clerk of the municipality was still mandatory." Gadbois v. Planning Commission, supra, Connecticut Supreme Court, Docket No. SC 16483. "The adoption of General Statutes (Rev. to 1999) § 8-8 (p) and (q) has not changed this strict requirement except in very specifically defined exceptions. Defective service of process may not be fatal when either the strict adherence to the mandate of § 8-8 (e) would work surprise or injustice, or the problem with the service is due to negligence or error on the part of the sheriff, not the plaintiff." Id. Nonetheless, "the failure to make service upon the town clerk, a fatal jurisdictional defect, cannot be remedied by the so called `savings provisions': General Statutes (Rev. to 1999) § 8-8 (p) and (q)." Id.
In their motion to dismiss, the defendants argue that the jurisdictional defects in this case have arose due to the plaintiffs own fault. In its objection, the plaintiff claims that the clerk and the clerk's address was on the original summons, but admits that the clerk was not served because the clerk's name was listed only as receiving the summons and complaint for the care of the zoning and planning commissions. Regardless, the clerk of the borough of Naugatuck was never served, and unless the error "was due to unavoidable accident or the default or neglect of the officer to whom it was committed"; General Statutes (Rev. to 1999) § 8-8 (q); the error may not be cured. It is clear in this case that the problem with the service was due to the plaintiffs own negligence or error.
Thus, in light of the Supreme Court's recent holding in Gadbois v.Planning Commission, and the ruling of the court (West, J.) in RepublicRealty I, this court concludes that the failure of the plaintiff to serve the borough clerk in accordance with § 8-8 (e) C.G.S. constitutes a jurisdictional defect that may not be cured by filing a new appeal under General Statutes (Rev. to 1999) § 8-8 (q). Consequentially, this CT Page 11675 court lacks subject matter jurisdiction and for that reason the defendants' motion to dismiss is hereby granted.
By the Court,
Joseph W. Doherty, Judge