[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I.
The plaintiffs, Bruce Wood, David Gavlak and Hillside Spring Water, Inc., appeal the decision of the defendant, Somers Zoning Board of Appeals (board), to uphold a cease and desist order issued by the Somers zoning enforcement officer, James R. Taylor. Taylor is also a named defendant in this appeal. The plaintiffs appeal pursuant to General Statutes § 8-8.
On December 30, 1996, Taylor issued a cease and desist order to the plaintiffs. (Return of Record [ROR], Item 2.) The plaintiffs took a timely appeal to the board pursuant to General Statutes § 8-7 on January 13, 1997. (ROR, Item 2.) The board held a public hearing on April 10, 1997 (ROR, Item 6A.) On May 8, CT Page 14088 1997, the board voted to sustain Taylor's cease and desist order. (ROR, Item GB.) Notice of the board's decision was published on May 16, 1997 in the Journal Inquirer. (Complaint, ¶ 9; Answer ¶ 1.) The plaintiffs filed this appeal on May 28, 1997 pursuant to General Statutes § 8-8.
Wood is the owner of certain property known as the Wood Farm, located at 223 Wood Road in Somers. Gavlak owns and operates Hillside Spring Water, Inc., which leases a portion of the Wood Farm in order to draw water from a spring thereon. (ROR, Item GA.) Currently, all of the water is used for human consumption. (ROR, Item GA, P. 17.) The spring water flows by gravity through pipes into tanker trucks that transport the water off the premises. (ROR, Item GA, pp. 20-21.)
On December 6, 1996, Taylor issued a cease and desist order to the plaintiffs. (ROR, Item 2.) The order stated that the collection, storage and transportation of spring water was not permitted by the zoning regulations. (ROR, Item 2.) On January 23, 1997, the plaintiffs filed an appeal of the cease and desist order to the board on the grounds that the collection, storage and transportation of spring water from the Wood Farm is permitted by the zoning regulations and that the activity falls within the scope of agriculture and/or farming. (ROR, Item 2.) The board held a public hearing on April 10, 1997. (ROR, Item GA.)
During the public hearing, the plaintiffs argued that the "harvesting of spring water" was an agricultural and/or farming activity which falls within the permitted uses of the zoning regulations. (ROR, Item GA.) They further argued that the "harvesting of spring water" on the Wood Farm was a nonconforming use because the springs were harvested well before any zoning regulations were adopted. (ROR, Item GA.) On May 8, 1997, the board voted to uphold Taylor's order on the ground that the collection, storage and transportation of spring water from the Wood Farm does not fall within the scope of agriculture and/or farming as defined in the Somers zoning regulations. (ROR, Item 7B.) Notice of the board's decision was published on May 16, 1997 in the Journal Inquirer. Complaint, ¶ 9; Answer, ¶ 1.)
The plaintiffs filed this appeal on May 28, 1997 challenging the decision of the board on the grounds that board acted illegally, arbitrarily and in abuse of discretion. (Complaint, ¶ 11.) CT Page 14089
 II.
Court appeals from administrative agency decisions exist only under statutory authority. Simko v. Zoning Board of Appeals,206 Conn. 374, 377, 538 A.2d 202 (1988). "A statutory right of appeal from a decision of an administrative agency may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Id. Such provisions "are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Internal quotation marks omitted.) Id.; see alsoCapalbo v. Planning Zoning Board of Appeals, 208 Conn. 480,485, 547 A.2d 528 (1988).
The question of aggrievement is essentially one of standing.McNally v. Zoning Commission, 225 Conn. 1, 5, 621 A.2d 279
(1993). "Aggrievement is established if there is a possibility . . . that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.)Connecticut Resources Recovery Authority v. Planning ZoningCommission, 225 Conn. 731, 739 n. 12, 626 A.2d 705 (1993). Mere generalizations and fears, however, do not establish aggrievement. Caltabiano v. Planning Zoning Commission,211 Conn. 662, 668, 560 A.2d 975 (1989).
An owner of the subject property is aggrieved and entitled to bring an appeal. Winchester Woods Associates v. Planning ZoningCommission, 219 Conn. 303, 308, 592 A.2d 953 (1991). A lessee of property is also aggrieved and entitled to bring an appeal. RRPool Home, Inc. v. Zoning Board of Appeals, 43 Conn. App. 563,569-70, 684 A.2d 1207 (1996). The plaintiffs have pleaded aggrievement; see complaint, par. 2, 3, 10; and testimony was presented at the hearing by Bruce Wood and David Gavlak supporting aggrievement, accordingly the court concludes that aggrievement is established.
 III.
"General Statutes § 8-6 entrusts [a zoning] commission with the function of interpreting and applying its zoning regulations." Dimopoulos v. Planning Zoning Commission,31 Conn. App. 380, 383, 625 A.2d 236, cert. denied, 226 Conn. 917,628 A.2d 987 (1993). An appeal from an action of a zoning enforcement officer is taken to the zoning board of appeals, CT Page 14090 which hears and decides the matter de novo. Caserta v. ZoningBoard of Appeals, 226 Conn. 80, 88-89, 626 A.2d 744 (1993). "[T]he trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." Spero v. Zoning Board of Appeals, 217 Conn. 435, 440,586 A.2d 590 (1991). "The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision." Francini v. Zoning Board of Appeals,228 Conn. 785, 791, 639 A.2d 519 (1994).
A zoning regulation "is a local legislative enactment, and, in its interpretation, [the court is] to discern the intent of the legislative body as manifested in the words of the regulation." Spero v. Zoning Board of Appeals, supra,217 Conn. 441. "The trial court may not substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers." Frito-Lay, Inc.v. Planning Zoning Commission, 206 Conn. 554, 572-73,538 A.2d 1039 (1988). "Words used in zoning ordinances are interpreted in accord with their natural and usual meaning. . . . [T]he strict construction rule applies, and the regulations should not be extended by implication to include more than is within their express terms." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 34.13, pp. 604-05. "A local board or commission is in the most advantageous position to interpret its own regulations and apply them . . . [and] as long as honest judgment has been reasonably and fairly exercised at the local level, the trial court must not substitute its judgment for that of the zoning board." New London v. Zoning Board ofAppeals, 29 Conn. App. 402, 405, 615 A.2d 1054, cert. denied,224 Conn. 922, 618 A.2d 528 (1992). The court may grant relief on appeal only where the local authority has acted illegally, arbitrarily, or in abuse of its discretion. Smith v. Zoning Boardof Appeals, 227 Conn. 71, 80, 629 A.2d 1089 (1993); Frito-Lay,Inc. v. Planning Zoning Commission, supra, 206 Conn. 573.
 IV.
The plaintiffs claim that their `harvesting' of free-flowing natural spring water is a nonconforming use because it has been `harvested' on the premises for some 200 years. The defendant argues that the spring was previously used for personal use on the premises and became a commercial activity in 1991, thereby creating an entirely new use for the spring water. CT Page 14091
A nonconforming use is defined as a "use or structure prohibited by the zoning regulations but . . . permitted because of its existence at the time that the regulations are adopted."Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 710,535 A.2d 799 (1988). "For a use to be considered nonconforming . . . that use must possess two characteristics. First, it must be lawful and second, it must be in existence at the time that the zoning regulations making the use nonconforming were enacted. . . ." (Citation omitted; emphasis omitted; internal quotation marks omitted.) Cummings v. Tripp, 204 Conn. 67, 91-92,527 A.2d 230 (1987). In order to qualify as an existing use, the premises must be utilized in such a manner as to be known in the neighborhood as used for a given purpose. Id., 92. That is to say, the premises must not only have been adapted for a given purpose, "but the premises must also have been employed withinthat purpose." (Emphasis in original; internal quotation marks omitted.) Bauer v. Waste Management of Connecticut, Inc.,234 Conn. 221, 240, 662 A.2d 1179 (1995). "It is well established that [t]o be a nonconforming use the use must be actual. It is not enough that it be a contemplated use [or] that the property was bought for a particular use. The property must be so utilized as to be irrevocably committed to that use. . . . The [property owner] bears the burden of proving the existence of a nonconforming use." (Alterations in original; citations omitted; internal quotation marks omitted.) Id.
In Cummings v. Tripp, supra, 204 Conn. 91-92, the property owners met their burden of proof by submitting evidence that their property was used for commercial purposes prior to the adoption of zoning and, therefore, consisted of a nonconforming use. The defendants owned cottages in a residential zone where the rental of cottages had not been permitted since the adoption of zoning in 1945. See id. The Supreme Court upheld the trial court's conclusion that prior to the enactment of zoning in 1945, "the premises had been used for commercial purposes and that in 1945 at least four of the cottages had been rented. . . . The trial court correctly concluded that the rental of the cottages during the months of June, July and August was an existing use in 1945." Id., 92.
In Bauer v. Waste Management of Connecticut, Inc., supra,234 Conn. 240-41, the plaintiff failed to satisfy its burden of proof by establishing a nonconforming use as to a height restriction in the zoning regulations. "Waste Management did not plead or argue . . . that it had operated the landfill at a height of CT Page 14092 greater than ninety feet at the time the height restriction was enacted, and, therefore, it failed to establish a nonconforming use as to that regulation." Id., 241. Without the submission of sufficient evidence, the court could not find that this particular use of the property was nonconforming. See id.
It is not disputed that the Wood Farm has used its natural springs to provide water to the farm for the purposes of irrigation and drinking for over 200 years, however, the use of one of those springs changed in 1991 when it became a commercial activity and the water was transported off-site for sale. The plaintiffs submitted no evidence that the water was previously collected, stored and transported off the premises as part of a commercial activity. It is concluded that such commercial activity was not consistent with the use known in the neighborhood and was not a continuation of an existing use. It is, therefore, found that the plaintiffs have failed to meet their burden of proof on this claim as no evidence was offered to demonstrate this activity (i.e., commercial collection, transportation and sale of spring water) is consistent with the use of the property prior to the adoption of zoning. Nor was there any evidence that this commercial activity was, in fact, in existence prior to the adoption of zoning.
 V.
The plaintiffs also claim that the harvesting of free-flowing natural spring water is agriculture and/or farming. The board argues that the collection, storage, transportation and sale of spring water does not fall within the definition of agriculture or farming pursuant to Section 214-4 of the Somers zoning regulations.
The zoning regulations in the Town of Somers define agriculture as the "cultivation of land, including planting and harvesting of crops, tillage, horticulture and forestry, and the raising and management of livestock." § 214-4. A farm is defined as a "tract of land containing five (5) acres or more, with a minimum of three (3) acres used principally for agricultural purposes. A `farm' may include premises used for the raising and keeping of livestock and other domestic animals when permitted by these regulations." Id.
The plaintiffs' appeal turns on the town's definition of agriculture and whether the `harvesting' of spring water falls CT Page 14093 within that definition. The plaintiffs were served with a cease and desist order on the ground that such activity did not fall within the town's definition. On appeal to the board, the plaintiffs had the burden of establishing that the harvesting of their natural spring water was, in fact, within the town's definition of agriculture and, therefore, a permitted use. In this appeal, it is also the plaintiffs' burden to establish that the board acted illegally, arbitrarily, or in abuse of its discretion in upholding the cease and desist order.
The plaintiffs offered evidence in the nature of testimony from Gabriel Moquin, a deputy at the Connecticut Department of Agriculture, who testified before the board that "because water is considered a food, it can be, absolutely, an agricultural operation. We call it harvesting. The same thing, say, as you harvest milk from cows or wheat from the fields." (ROR, Item GA, p. 40.) Moquin's testimony, however, is not conclusive and does not establish that the plaintiffs' operation falls within thetown's particular definition of agriculture.
During the public hearing, Peter Klein, a science teacher, testified that "no one believes that water is an agricultural product." (ROR, Item GA, p. 32.) Eva Brown, a local resident and attorney testified that the dictionary defines, "[a] crop [as] a product of the soil, whereas water is not. And, a common sense definition of agriculture, it's cultivating the soil, raising livestock, producing of plants and animals. Water is something totally different." (ROR, Item GA, p. 39.)
Later, in the discussion and decision meeting, board member Young read some pertinent definitions into the record. (ROR, Item GA, pg. 5.) "Harvesting . . . [is] the act of getting a crop. . . . [A] crop . . . [is] a cultivated crop or product, a grain, vegetable or fruit." (ROR, Item GB, p. 5.) Although all the members agreed that water is a food, after much discussion, they opined that natural spring water is not a crop. (ROR, Item GB, pp. 16-17, 19-21.) The opinion of the town attorney that this activity does not fit into the current zoning regulations of the town was also discussed. (ROR, Item GB, pp. 4, 11.) At the end of the meeting, the board decided that the `harvesting' of natural spring water did not fall under the town's definition of agriculture and the cease and desist order was, therefore, upheld. (ROR, Item GB, pp. 21-23.)
It is the board's determination as to the weight of the CT Page 14094 evidence and without establishing that such a determination was made illegally, arbitrarily, or in abuse of its discretion, the court will not hold otherwise. See New London v. Zoning Board ofAppeals, supra, 29 Conn. App. 405; see also Smith v. Zoning Boardof Appeals, supra, 227 Conn. 80. It is not within the discretion of the court to substitute its judgment for the wide and liberal discretion of the board absent some evidence of impropriety. SeeFrito-Lay, Inc. v. Planning Zoning Commission, supra,206 Conn. 572-73; Whisper Wind Development Corp. v. Planning ZoningCommission, 32 Conn. App. 515, 523, G30 A.2d 108 (1993), aff'd.,229 Conn. 17G, 640 A.2d 100 (1994) ("[a] reviewing court . . . cannot substitute its judgment as to the weight of the evidence for that of the [board]").
Although Moquin's testimony in support of the plaintiffs' claim was presented, his informal opinion is not conclusive and was not binding upon the board. In this case, the board weighed the evidence, gave the defined terms their natural and plain meaning, and came to a reasonable conclusion. The court, therefore, cannot substitute its judgment for that of the board absent some evidence that the board's judgment was somehow A tainted. See Frito-Lay, Inc. v. Planning Zoning Commission, supra, 206 Conn. 572-73; Whisper Wind Development Corp. v.Planning Zoning Commission, supra, 32 Conn. App. 523.
The court notes that in reaching its decision, the court is not holding that the `harvesting' of natural spring water is not agriculture. Rather, the court is holding that the plaintiffs did not meet their burden of establishing that the `harvesting' of natural spring water falls within the definition of agriculture pursuant to the town of Somers zoning regulations § 214-4.
The definitional issue is debatable and the Board heard evidence on both sides, however the plaintiffs have not established that the Board acted illegally, arbitrarily or in abuse of their discretion.
 VII. Conclusion
It is found that the plaintiffs have failed to meet their burden of proof that the commercial `harvesting' of natural spring water from the Wood Farm is a nonconforming use. The plaintiffs have also failed to meet their burden that the board acted illegally, arbitrarily, or in abuse of its discretion in determining that the plaintiffs `harvesting' of natural spring CT Page 14095 water was outside of the town's definition of agriculture.
Accordingly, the appeal is hereby dismissed.
Stengel, J.